UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SYMBOLOGY INNOVATIONS LLC,<br><br>Plaintiff<br><br>v.<br><br>AMERICAN AUTOMOBILE ASSOCIATION INC., and AAA TEXAS, LLC,<br><br>Defendants | Case No. 3:23-cv-02866-K<br><br>JURY TRIAL DEMANDED |

### REPORT REGARDING CONTENTS OF SCHEDULING ORDER

Plaintiff Symbology Innovations, LLC ("Plaintiff"), American Automobile Association Inc. and AAA Texas, LLC (collectively "Defendants"), submit their Joint Status Report Regarding Scheduling Conference and Report for Contents of Scheduling Order ("Joint Report") in compliance with this Court's Order of January 31, 2024, Dkt. No. 20 (the "Order").

Counsel for the Parties held a conference on February 21, 2023, to discuss the preparation of this Joint Report and other matters identified in the Order. The conference was conducted telephonically and was attended by Randall Garteiser, counsel for Symbology Innovations, LLC, and Alexander Martin and Rodeen Talebi, counsel for Defendants.

The Parties respectfully submit the following Joint Report on each of the matters set forth in the Order.

**1. Brief Statement of Claims and Defenses.**

    **Plaintiff's Statement:**

Plaintiff contends that Defendants infringe U.S. Patent No. 8,651,369 (hereinafter "the '369 Patent") (Dkt. No. 1-2), and 8,936,190 (collectively "the Symbology Patents") (Dkt. No. 1-3). The '369 Patent is attached as **Exhibit 1**, and the '190 Patent is attached as **Exhibit 2**. (Dkt. No. 1 at ¶ 10). Preliminary charts showing the infringement are provided to the Court and Defendant as Exhibits 3 and 4 to the Complaint. An additional chart showing infringement of Patent '190 will be provided no later than March 18, 2024.

There is no allegation at this time of willful infringement. As such, communications about the knowledge of the patents-in-suit will be limited to interrogatories and possibly a Rule 30(b)(6) deposition on the topic of knowledge of the asserted patents, without the need to engage in any email discovery from Defendant.

**Defendants' Statement:**

Defendants contend that they do not infringe and have not infringed, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the Symbology Patents. Defendants further contend that each asserted claim of the Symbology Patents are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 11, and the rules, regulations, and laws pertaining thereto. In particular, Defendants assert each asserted claim is invalid for failure to claim patent-eligible subject matter, as the claims are directed to the abstract idea of data recognition and retrieval and do contain no inventive concept sufficient to transform the abstract idea into patent-eligible matter. *See* Dkt. Nos. 12, 13.

**2. The identity of any related proceedings;**

These cases involve the same patents, but the parties do not believe that they are related enough to re-assign the cases or move to formally relate them until or unless they proceed to a scheduling

order that contemplates a claim construction. These cases may resolve prior to this occurrence.

*Symbology Innovations LLC v. Yves Saint Laurent America Inc., et al.,*

Case No. 3:23-cv-01755-L-BN (N.D. Tex. 2023 (pleading stage).


**3. A proposed deadline by which to file motions for leave to join other parties;**

March 15, 2024

**4. A proposed deadline by which to amend pleadings;**

May 1, 2024

**5. A proposed deadline by which to file various types of motions, including dispositive motions; (The Court prefers the deadline for dispositive motions to be 120 days before trial.)**

May 20, 2025

**6. A proposed deadline for initial designation of experts;**

February 20, 2025

**7. A proposed deadline for responsive designations of experts;**

March 20, 2025

**8. A proposed deadline for objections to experts (i.e., Daubert and similar motions);**

May 20, 2025

**9. A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to particular issues;**

The Parties do not believe discovery in this case will be unusually difficult.

**Plaintiff's Position:**

6 months for factual discovery.

No later than April 30, 2024, Plaintiff would like to conduct discovery of source code for the Accused Functionality identified to the Defendant since the filing of the complaint in 2023. Beyond

REPORT REGARDING CONTENTS OF SCHEDULING ORDER                                                                 3

initial charts provided to the defendant, Plaintiff will serve its preliminary infringement contentions no later than March 18, 2024.  Plaintiff contends that based on experience that the most cost effective way to prove or disprove infringement in a patent case is an early evaluation of the source code for the accused functionality.  It is required to learn if additional third party may be required as Defendant has not admitted that it is even in control of its own accused functionality source code.  Thus, an early inspection is essential to keep on schedule and be in compliance with the court's order and Rule 1.

- Technical Deposition under Rule 30(b)(6) and Rule 30(b)(1).
- Revenue Related Deposition under Rule 30(b)(6) and Rule 30(b)(1).

Expert Discovery should be completed with factual discovery.  Expert depositions should occur after exchange of expert reports and rebuttal reports, if any.

**Defendants' Position:**

Defendants anticipate that discovery will be needed regarding the alleged infringement of the Symbology Patents and Defendants' affirmative defenses, including those relating to the validity of the Symbology Patents.

Defendants do not believe that a separate deadline for source code production is required. This case was filed on December 28, 2023, and Plaintiff has not yet provided its infringement contentions. Defendants are willing to produce source code to the extent they possess any relevant source code, after receiving and reviewing Plaintiff's infringement contentions and before the fact discovery deadline.

Expert discovery should open and be conducted after the close of fact discovery so that the relevant information is available to experts.

**Parties' Agreed Dates:**

Close of fact discovery on: January 20, 2025

Opening expert reports on: February 20, 2025

Rebuttal expert reports on: March 20, 2025

Close of expert discovery on: April 21, 2025

**10. Any changes which should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule, and any other limitations which should be imposed;**

    None at this time.

**11. A proposed trial date as well as an estimated number of days required for trial, and whether a jury has been properly demanded; (The Court operates a three-week docket beginning the first Monday of each month, therefore the parties should propose a trial date accordingly.)**

    Time for trial: 5 days
    Trial starts: August 4, 2025

**12. A proposed date for further settlement negotiations;**

    Plaintiff has made an initial offer, which is pending evaluation by Defendants. It is subject to expire on March 11, 2024.

**13. Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form, or requirements for disclosure under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;**

    Rule 26(a)(1) disclosures will be made by March 18, 2024.

**14. Whether the parties will consent to trial (jury or non-jury) before a U.S. Magistrate Judge (consent attached);**

    Respectfully, the parties do not consent to a trial before a magistrate judge.

**15. Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when alternative dispute resolution would be most effective (*e.g.*, before discovery, after limited discovery, after motions are filed, etc.).**

    **Plaintiff's Position:**

    Prior to a ruling from the Court on the pending motion to dismiss, Plaintiff requests early neutral evaluation because the assessment of the case by a magistrate judge to the principals would be advantageous to resolving this dispute.

    **Defendants' Position:**

    Defendants do not agree to conducting mediation before a magistrate judge and believe that private mediation would be preferable. While Defendants believe that mediation may be warranted, the Parties should be free to evaluate whether mediation should be conducted as the case progresses, but in no event should mediation be required prior to the issuance of the Court's claim construction order.

**16. Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial.**

None at this time.

**17. Any other matters relevant to this case.**

**Plaintiff's Position:**

Plaintiff requests early neutral evaluation before the Court issuing a case dispositive ruling at the pleading stage, because the assessment of the case by a magistrate judge to the parties' principals, after hearing competing opening statements would be advantageous to resolving this dispute.

**Defendants' Position:**

Defendants do not agree to stipulate that mediation be carried out by a magistrate judge. Additionally, early mediation before claim construction would not be a reasonable use of party resources and would not be advantageous to resolving the dispute.

**18. A proposed deadline for the disclosure of infringement contentions and invalidity contentions and the productions of documents relating to same.**

Infringement contentions and associated documents: March 18, 2024

Invalidity contentions and associated documents: May 3, 2024

**19. A proposed deadline for the exchange of proposed terms and claim elements for construction, the exchange of preliminary claim construction and extrinsic evidence, and the filing of a joint claim construction statement.**

Exchange of proposed terms and elements: May 10, 2024

Exchange of preliminary claim constructions and disclosure of extrinsic evidence: May 24, 2024

Joint claim construction statement: May 31, 2024

**20. A proposed deadline for the completion of claim construction discovery.**

June 19, 2024

**21. A proposed deadline for the filing of claim construction briefs.**

Opening claim construction brief by party claiming patent infringement: July 15, 2024

Responsive claim construction brief by party opposing a claim of patent infringement: July 29, 2024

Reply brief by party claiming patent infringement: August 5, 2024

**22. Whether a claim construction hearing is desired.**

A claim construction hearing is desired.

**23. Whether any party believes that a technical tutorial would be helpful, and if so, a proposal for presenting such a tutorial to the presiding judge.**

The Parties do not believe that a technical tutorial is necessary but will defer to the Court on whether a technical tutorial would be helpful.

Dated:  March 5, 2024                                          Respectfully Submitted

/s/ M. Scott Fuller
M. Scott Fuller
   Texas Bar No. 24036607
   sfuller@ghiplaw.com
Christopher A. Honea
   Texas Bar No. 24059967
   chonea@ghiplaw.com
**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420

**ATTORNEY FOR PLAINTIFF**

Dated: March 5, 2024                      Respectfully submitted,

*/s/ Rodeen Talebi*
Neil J. McNabnay
Texas Bar No. 24002583
Ricardo J. Bonilla
Texas Bar No. 24082704
Rodeen Talebi
Texas Bar No. 24103958
Sarika Patel
Texas Bar No. 24073520
Alexander H. Martin
Texas Bar No. 24091828
mcnabnay@fr.com
rbonilla@fr.com
talebi@fr.com
patel@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)

**ATTORNEYS FOR DEFENDANTS AMERICAN AUTOMOBILE ASSOCIATION, INC. AND AAA TEXAS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of Court for the United States District Court, Northern District of Texas, Dallas Division, on the date above using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record.

*/s/ Rodeen Talebi*
Rodeen Talebi