IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SYMBOLOGY INNOVATIONS, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil No. 3:23-CV-2866-K |
| AMERICAN AUTOMOBILE ASSOCIATION, INC., and AAA TEXAS LLC, | § § § § § | |
| Defendants. | § | |

## SCHEDULING ORDER

The Court, having considered the parties' Joint Report filed March 5, 2024, finds that the following order should be entered pursuant to Fed. R. Civ. P. 16(b), and the local rules of this Court, to schedule this case for disposition and, if disposition by trial is needed, to expedite the trial.   Unless otherwise ordered or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure, as amended, must be observed.

1. **This Order shall control the disposition of this case.**  The deadlines set forth in this Scheduling Order may be extended only by formal written motion to the Court and only upon a showing of good cause. **Any requested extension of a pretrial deadline shall not affect the trial date or any other pretrial deadlines**.   **The Court will not grant motions to continue the trial setting absent exigent circumstances, even if the parties file an agreed motion.**

2. Pursuant to Local Rule 16.3(a), the parties to this case shall enter into settlement negotiations as early as possible.

3. The parties are ordered to complete mediation no later than **August 2, 2024** and file a Joint Mediation Report describing the status of settlement negotiations no later than **August 9, 2024**.   The parties' obligation to file a

       Mediation Report is separate from any reporting requirements of the mediator.

       No later than 30 **days from the date of this order**, the parties shall submit a Joint Designation of Mediator in which the parties either name an agreed mediator or state that the parties cannot agree to a mediator.

       If plaintiff(s) and defendant(s) **have not already** filed a Certificate of Interested Persons with the Clerk of Court, they are directed to do so no later than **14 days from the date of this order** so that the Court may ensure that recusal is not necessary.

4. This case is set for **JURY** trial on the Court's three-week docket beginning **November 3, 2025**. Counsel and the parties shall be ready for trial on two (2) days notice at any time during this three-week period. Any potential conflicts must be called to the attention of the Court in writing within ten (10) days from the date of this order.

5. All motions requesting leave to join parties or to amend pleadings shall be filed **by May 1, 2024.**

6. All motions that would dispose of all or any part of this case (including all motions for summary judgment), shall be filed by **May 20, 2025.**

7. Responses to motions must be filed within twenty-one (21) days of the motion.

8. Plaintiff and defendant shall file a written designation of the name and address of each expert witness who will testify at trial and shall otherwise comply with Fed. R. Civ. P. 26(a)(2) on or before **February 20, 2025.**

    All motions challenging or seeking to disqualify expert witnesses (e.g., *Daubert* motions) must be filed on or before **May 20, 2025.**

    If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), the disclosure required under Rule 26(a)(2) shall be made within 30 days after the disclosure made by the other party.

9. **Willfulness.** A party who relies on an opinion of counsel as a defense to a claim of willful infringement must comply with the requirements of N.D. Tex.

-2-

Misc. Order No. 62, & 3-8, by **February 21, 2025**.  This includes:

(a) Producing or making available for inspection and copying each opinion, and any other documents relating to the opinion, as to which the party agrees the attorney-client or work production protection has been waived; and

(b) Serving a privilege log identifying any other documents, except those authored by an attorney acting solely as trial counsel, relating to the subject matter of the opinion the party is withholding on the grounds of attorney-client privilege or work product protection.

10. **Claim Construction**.

(a) **Exchange of Proposed Terms and Claim Elements for Construction**. The parties shall simultaneously exchange a list of proposed terms, phrases, or clauses for claim construction, and otherwise comply with the requirements of N.D. Tex. Misc. Order No. 62, & 4-1, by **May 10, 2024.**

(b) **Exchange of Preliminary Claim Constructions and Extrinsic Evidence**. The parties shall simultaneously exchange their preliminary proposed claim constructions, identify any extrinsic evidence that supports their proposed claim constructions, and otherwise comply with the requirements of N.D. Tex. Misc. Order No. 62, & 4-2, by **May 24, 2024**.

(c) **Joint Claim Construction and Prehearing Statement**.   The parties shall file a joint claim construction and prehearing statement by **May 31, 2024**. This statement shall contain the following information:

   (i)   The construction of those claim terms, phrases, or clauses on which the parties agree;

   (ii)   Each party's proposed construction of each disputed claim term, phrase, or clause, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known by the party on which the party intends to rely, either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned

  treatises and prior art, and testimony of percipient and expert witnesses;

  (iii) Whether any party desires an evidentiary claim construction hearing or oral argument and, if so, the anticipated length of such hearing;

  (iv) Whether any party proposes to call one or more witnesses, including experts, at the claim construction hearing, the identity of each witness, and, for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert; and

  (v) A list of any other issues that might appropriately be taken up at a prehearing conference prior to the claim construction hearing and a proposed date for any such prehearing conference.

*See* N.D. Tex. Misc. Order. No. 62, & 4-3.

(d) **Claim Construction Discovery**. All discovery relating to claim construction, including the depositions of fact witnesses and experts identified in the joint claim construction and prehearing statement, must be initiated in time to be completed by **June 19, 2024**. *See* N.D. Tex. Misc. Order No. 62, & 4-4.

(e) **Claim Construction Briefs**. Each side shall file an opening claim construction brief, not to exceed 25 pages in length, by **July 15, 2024**. Response briefs, not to exceed 15 pages in length, may be filed by **July 29, 2023**. Any affidavits, depositions, written discovery materials, or supporting evidence must be included in a separate appendix. The appendix shall be numbered sequentially from the first page through the last, and include an index of all documents contained therein. An envelope that contains a non-documentary or oversized exhibit must be numbered as if it were a single page. No supplemental pleadings, briefs, or evidence will be allowed without leave of court. *See* N.D. Tex. Misc. Order No. 62, & 4-5 (as modified); N.D. Tex. LCivR 7.1(i) & 7.2 (as modified).

(f)     **Claim Construction Hearing.** The court intends to rule on the claim construction issues presented in this case without hearing oral argument based on the written submissions of the parties. *See* N.D. Tex. LCivR 7.1(g) ("Unless otherwise directed by the presiding judge, oral argument on a motion will not be held."). However, at the request of any party or upon its own motion, the court may schedule a claim construction hearing. By **August 12, 2024**, the parties shall file a Claim Construction Chart. This Chart shall be filed in **PORTRAIT** format, NOT landscape.

11.     **Patent Initial Disclosures.**

(a)     **Infringement Contentions and Production of Documents.** Plaintiff shall serve its preliminary infringement contentions, and produce or make available for inspection and copying documents related to its infringement contentions, by **March 18, 2024**. Such disclosures and the accompanying production of documents shall comply with the requirements of N.D. Tex. Misc. Order No. 62, && 3-1 & 3-2.

(b)     **Preliminary Invalidity Contentions and Production of Documents.** Defendants shall serve their preliminary invalidity, contentions, and produce or make available for inspection and copying documents related to their invalidity contentions, by **May 3, 2024**. Such disclosures and the accompanying production of documents shall comply with the requirements of N.D. Tex. Misc. Order No. 62, && 3-3 & 3-4.

(c)     **Amendments to Preliminary Contentions.** Except upon written motion for good cause shown, each party's preliminary infringement contentions and preliminary invalidity contentions shall be deemed that party's final contentions. Any motion for leave to leave to amend these preliminary contentions must be filed within 30 days of the court's claim construction ruling. *See* N.D. Tex. Misc. Order No. 62, && 3-6 & 3-7.

12.     Unless otherwise directed by order, the parties must make the disclosure required by Fed. R. Civ. P. 26(a)(3)(A)-(B) by **September 29, 2025**. Within 14 days thereafter, a party must serve and file a list disclosing (i) any objections to the use under Rule 32(a) of a deposition designated by another party under rule 26(a)(3)(A)(ii) any objection, together with the grounds therefore, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii), if any.

13. By **April 21, 2025,** all discovery, including discovery concerning expert witnesses, shall be completed.

14. By **October 10, 2025,** all pretrial material shall be filed with the Court. Mailing these materials on this date is insufficient. The pretrial materials must include the following:

    a. A joint pretrial order shall be submitted by the plaintiff=s attorney which covers each of the matters listed in Local Rule 16.4 and which states the estimated length of trial and whether the case is a jury or non-jury trial. If an attorney for either party does not participate in the preparation of the joint pretrial order, the opposing attorney shall submit a separate pretrial order with an explanation of why a joint order was not submitted. However, failure to agree upon content or language is not an excuse for submitting separate pretrial orders because each party may submit its version of any disputed matter in the joint pretrial order. If the joint pretrial order is approved by the Court, it will control all subsequent proceedings in this case.

    b. Each party shall provide a list of witnesses and provide (i) the name and address of each witness and (ii) a brief narrative of the testimony to be covered by each witness. The parties must also divide its list of witnesses into groups of Aprobable witnesses, Apossible witnesses, Aexperts, and record custodians.

       Pursuant to Fed. R. Civ. P. 16(2)(O), and section VII of the United States District Court for the Northern District of Texas Civil Justice Expense and Delay Reduction Plan, the Court intends to impose a reasonable limit on the time allowed for presenting evidence in this case. Accordingly, the parties must also state the expected duration of direct and cross examination of each witness.

    c. Each party shall file a list of exhibits and a designation of portions of depositions to be offered at trial. The list of exhibits shall describe the documents or things in numbered sequence. The documents or things to be offered as exhibits shall be numbered by labels to correspond with the sequence on the exhibit list. In addition, counsel for each party intending to offer exhibits shall exchange a complete set of marked exhibits with opposing counsel; and shall deliver on the day the case is called for trial, a set of marked exhibits to the Court's chambers (except

       for large or voluminous items that cannot be easily reproduced). All Exhibits must be provided to the Court and opposing counsel in **PORTRAIT FORMAT not Landscape Format. Further, Copies must be printed on front side only, not front-back** Each exhibit list shall be accompanied by a written statement, signed by counsel for each party (except the party offering the exhibit) stating as to each exhibit either (i) the parties agree to its admissibility or (ii) the admissibility of the exhibit is objected to, identifying the nature and legal basis of the objection, and the names of the party or parties urging the objection. Counsel for the party proposing to offer the exhibit shall be responsible for coordinating activities related to preparation of such a statement. The Court may exclude any exhibit offered at trial unless such a statement has been filed in a timely manner.

d.    Requested jury instructions shall be filed by each party. Each proposed instruction or conclusion of law shall be accompanied by citation to statutory or case authority and/or pattern instructions. The parties should, to the extent possible, rely on authority from the U.S. Supreme Court and Fifth Circuit. The parties shall submit a hard copy of the proposed instructions or conclusions and email a Word or WordPerfect version to Kinkeade_Orders@txnd.uscourts.gov.

e.    In a non-jury case, each party having the burden of persuasion on an issue shall file proposed findings of fact and conclusions of law accompanied by citation to statutory or case authority. Within five (5) days thereafter, any opposing party shall serve proposed findings and conclusions with authority on that issue, numbered in paragraphs corresponding to those filed by the party with the burden of proof.

f.    Motions in limine, if any, shall be filed by each party. Motions in limine must be limited to matters actually in dispute after conference with opposing counsel.

g.    Each party shall file proposed voir dire questions, if any, it would like the Court to consider asking the jury panel.

h.    Trial briefs, if any, shall be filed by each party. In the absence of an order from the Court, trial briefs are not required, but are welcome.

15. On the day the case is called for trial, additional copies of the list of witnesses and list of exhibits shall be delivered by each party to the court reporter.

16. At least fourteen (14) days before the trial date, the parties and their respective lead counsel shall hold a face-to-face meeting to discuss settlement. Individual parties and their counsel shall participate in person, not by telephone or other remote means. All other parties shall participate by representative or representatives, in addition to counsel, who shall have unlimited settlement authority and who shall participate in person, not by telephone or other remote means. If a party has liability insurance coverage as to any claim made against that party in this case, a representative of each insurance company providing such coverage, who shall have full authority to offer policy limits in settlement, shall be present at, and participate in, the meeting in person, not by telephone or other remote means. At this meeting, the parties shall comply with the requirements of Local Rule 16.3.

17. Within seven (7) days after the settlement meeting, the parties shall jointly prepare and file a written report, which shall be signed by counsel for each party, detailing the date on which the meeting was held, the persons present (including the capacity of any representative), a statement regarding whether meaningful progress toward settlement was made, and a statement regarding the prospects of settlement.

18. This Court orders the parties not to include Aprivate or sensitive information in any document filed with the Court unless [it] is necessary to the case. This includes but is not limited to social security numbers, taxpayer identification numbers, financial account numbers, minors names, and dates of birth.

19. **Judge's Courtesy Copy of Documents Filed by Electronic Means:**

    In civil cases, Judge Kinkeade requires parties to provide copies of all dispositive motions, responses, replies and appendices thereto, and any filing totaling more than 25 pages in length. **Copies must be printed on front side only, not front-back**. These copies must be delivered to the Clerk's office within three (3) business days of the filing date. Failure to comply with this requirement may result in the party=s document being unfiled by the Court. Furthermore, all hard copies must be properly bound either by sufficiently affixed staple, ACCO fastener, spiral binding, or, for a voluminous document, a 3-ring binder. Appendices and other documents fastened by paper clips, binder clips, rubber bands, or any other means are unacceptable. Exhibits must be tabbed, and the

       exhibits must be in **PORTRAIT FORMAT not Landscape Format**.

20. **Local Counsel must sign all documents filed in this case pursuant to Fed. R. Civ. P. 11, and also comply with Local Rule 83.10(b).**

21. **Upon making an appearance in a case, Judge Kinkeade requires every attorney (not just lead attorneys) to provide their cell phone numbers where they can be reached at any time. This information is to be filed Under Seal entitled Attorney Contact Information. If not already filed with the Court, any attorneys shall file the required document within 14 days from the date of this order.**

22. Should any party or counsel fail to cooperate in accomplishing anything required by this order, such party or counsel or both may be subject to sanctions, including dismissal or entry of default without further notice.

       **SO ORDERED**.

       Signed March 7th, 2024.

       *Ed Kinkeade*
       ED KINKEADE
       UNITED STATES DISTRICT JUDGE