**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

|  |  |
|---|---|
| **SYMBOLOGY INNOVATIONS, LLC,** | |
| **Plaintiff,** | |
| **v.** | **CASE NO. 3:23-CV-02866-K** |
| | **JURY TRIAL DEMANDED** |
| **AMERICAN AUTOMOBILE ASSOCIATION, INC.; AAA TEXAS, LLC,** | |
| **Defendants.** | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR RULE 12(b)(6)**
**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

## TABLE OF CONTENTS

I.  THE ASSERTED CLAIMS ARE INVALID .................................................................... 2

    A.  Claim 1 of the '369 Patent is representative. .................................................... 2

    B.  *Alice* Step One: The asserted claims are directed to an abstract idea. ............................ 4

        1.  The prosecution history of the asserted patents does not change the § 101 analysis. ....... 4

        2.  Symbology's attempts to distinguish the asserted claims fails. ..................................... 5

    C.  *Alice* Step 2: The asserted patents contain no inventive concept. ................................... 7

        1.  There are no factual disputes preventing a ruling at the Rule 12 stage. .......................... 8

        2.  There are no claim construction disputes preventing a ruling at the Rule 12 stage. ........ 8

II.  CONCLUSION ...................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l,*
 134 S. Ct. 2347 (2014) ...................................................................................4, 5, 7

*Bilski v. Kappos,*
 561 U.S. 593 (2010) ...............................................................................................4

*BSG Tech LLC v. Buyseasons, Inc.,*
 899 F.3d 1281 (Fed. Cir. 2018) ............................................................................2

*Content Extraction and Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n,*
 776 F.3d 1343 (Fed. Cir. 2014) ....................................................................4, 6, 7

*Cyberfone Sys., LLC v. CNN Interactive Grp., Inc.,*
 558 F. App'x 988 (Fed. Cir. 2014) ........................................................................4

*Intell. Ventures II LLC v. FedEx Corp.,*
 No. 2:16-CV-00980-JRG, 2018 WL 7823098 (E.D. Tex. May 10, 2018) ...............6

*Jedi Techs., Inc. v. Spark Networks, Inc.,*
 No. CV 1:16-1055-GMS, 2017 WL 3315279 (D. Del. Aug. 3, 2017) ..................1, 9

*MyMail, Ltd. v. ooVoo, LLC,*
 934 F.3d 1373 (Fed. Cir. 2019) ............................................................................9

*PPS Data, LLC v. Jack Henry Assocs., Inc.,*
 No. 2:18-cv-00007-JRG, 2019 WL 1317286 (E.D. Tex. Mar. 21, 2019)............2, 3

*Recognicorp, LLC v. Nintendo Co., Ltd.,*
 855 F.3d 1322 (Fed. Cir. 2017) ........................................................................6, 7

*Secured Mail Solutions LLC v. Universal Wilde, Inc.,*
 873 F.3d 905 (Fed. Cir. 2017)...................................................................1, 3, 5, 7

*In re TLI Commc'ns LLC Patent Litig.,*
 823 F.3d 607 (Fed. Cir. 2016)...............................................................................7

*Trinity Info Media, LLC v. Covalent, Inc.,*
 72 F.4th 1355 (Fed. Cir. 2023) ......................................................................3, 8, 9

*Two Way Media Ltd. v. Comcast Cable Commc'ns, LLC,*
 874 F.3d 1329 (Fed. Cir. 2017)..............................................................................5

*Ultramercial, Inc. v. Hulu, LLC,*
   772 F.3d 709 (Fed. Cir. 2014) ............................................................................... 4, 7

**Other Authorities**

Fed. R. Civ. P. 12 .......................................................................................................... 8

Fed. R. Civ. P. 12(b)(6) ............................................................................................ 1, 2, 3

Symbology has filed over 220 lawsuits asserting claims of the same asserted patents here, U.S. Patent Nos. 8,651,369 (the "'369 Patent") and 8,936,190 (the "'190 Patent"), or of other patents in the same family. Not one of those lawsuits has reached a merits decision because Symbology does not want to actually test the merits of its asserted claims.

Instead, in many of those lawsuits, faced with similar § 101 arguments as those presented by Defendants here, Symbology walked away and dismissed its claims with prejudice rather than defend its allegations on the merits. This time, Symbology is attempting to delay the Court's determination by purporting to make up a claim construction issue that prevents the Court from ruling on § 101 on the pleadings. Importantly, however, Symbology has failed to explain how any claim constructions would impact the § 101 analysis. (*See* Dkt. 26 "Opp.", 9-10.); *see, e.g.*, *Jedi Techs., Inc. v. Spark Networks, Inc.*, No. CV 1:16-1055-GMS, 2017 WL 3315279, at *6 (D. Del. Aug. 3, 2017) ("Here, [plaintiff] failed to identify any specific claims which, if scrutinized during claim construction, could impact the [§ 101] analysis. Thus, the court considers it appropriate to analyze patent eligibility at this stage in the present case.") (citations omitted) Because these manufactured issues do not affect that analysis: the claims are directed to ineligible subject matter and should be found invalid. Consequently, this motion is ripe for the Court's consideration.

The asserted patents describe the concept of data recognition and retrieval, which is an abstract idea ineligible for patenting. Moreover, neither the specification nor any claim identifies a specific way of implementing this concept. Tellingly, Symbology's Opposition does not meaningfully address Defendants' recited legal authority that upheld the ineligibility of claims similar to those in the asserted patents. *See Secured Mail Solutions LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 912 (Fed. Cir. 2017) (affirming district court's grant of motion to dismiss pursuant to Rule 12(b)(6) for patent ineligibility of patents directed to decoding barcodes).

1

To the extent the claims of the asserted patents capture any purported improvements, those improvements are to the abstract idea itself. The Federal Circuit has held that "[a]s a matter of law, narrowing or reformulating an abstract idea does not add 'significantly more' to it." *BSG Tech LLC v. Buyseasons, Inc.*, 899 F.3d 1281, 1290-91 (Fed. Cir. 2018) ("If a claim's only 'inventive concept' is the application of an abstract idea using conventional and well-understood techniques, the claim has not been transformed into a patent-eligible application of an abstract idea."). That holding applies here.

The claims' recitation of non-specific limitations makes clear that the patentee intended to lay claim to any action whatsoever resulting in practice of the general abstract idea. Such claims are precisely the type of claims that courts have repeatedly found ineligible. When there is no plausible reading of a patent that would enable it to satisfy the threshold inquiry under § 101, an early Rule 12(b)(6) dismissal is appropriate.

To avoid waste of judicial and party resources further litigating invalid patents, Defendants request the Court dismiss Symbology's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

## I.     THE ASSERTED CLAIMS ARE INVALID

### A.     Claim 1 of the '369 Patent is representative.

Symbology contends that Defendants failed to meet their burden to establish a representative claim. (Opp., 9.) This is incorrect. Defendants met their burden by analyzing **all** the claims and demonstrating those claims were similarly directed to the same abstract idea as representative Claim 1. (*See* Dkt. 12 "Mot.", 7-8.) By doing so, the burden shifted to Symbology to demonstrate a difference between the claims which is material to § 101 analysis. *See PPS Data, LLC v. Jack Henry Assocs., Inc.*, No. 2:18-cv-00007-JRG, 2019 WL 1317286, at *5 (E.D. Tex. Mar. 21, 2019) (articulating that defendants first bear the burden of demonstrating a claim is

representative, which then shifts to the plaintiff to identify a difference material to the § 101 analysis). Symbology did not do so.

Merely concluding that Defendants cannot contend a claim is representative does nothing to address Symbology's burden to demonstrate "a difference material to the § 101 analysis." *PPS Data,* 2019 WL 1317286, at *5. As explained in Defendants' Motion, the independent claims contain the same essential elements, and the dependent claims merely disclose token pre- and post-solution activity. (Mot., 7-8.) Nothing about the remaining claims elevate them above the abstract idea of data recognition and retrieval. *See Trinity Info Media, LLC v. Covalent, Inc.*, 72 F.4th 1355, 1362 (Fed. Cir. 2023) ("[T]he remaining dependent claims merely add trivial variations of the abstract idea—performing matches based on gender, varying the number of questions asked, and/or displaying other users' answers—that do not change the focus of the asserted claims.").

Furthermore, Symbology does not provide any analysis regarding why Claim 1 of the '369 Patent is not representative. Symbology instead contends that "until the patentee identifies the assert [sic] patent claims in its infringement contentions there is no reasonable way to contend that a claim is 'representative.'" (Opp., 11.) This is contrary to established law. Symbology's argument that infringement contentions are necessary before finding a claim is representative would make all 12(b)(6) motions on patent eligibility moot. As stated in the Federal Rule, "[a] motion asserting any of these defenses must be made before pleading if a responsive pleading is required." Fed. R. Civ. P. 12(b). Given that a motion under 12(b)(6) must be filed before a response to a plaintiff's complaint, such a motion is **required** to be filed before a plaintiff submits its infringement contentions. Symbology's contention contradicts extensive Federal Circuit precedent granting 12(b)(6) motions under § 101. *See, e.g.*, *See Secured Mail*, 873 F.3d at 913 (Fed. Cir. 2017) (affirming dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) based on patent

3

ineligibility under § 101.); *see Content Extraction and Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1351 (Fed. Cir. 2014) (same); *see also Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 717 (Fed. Cir. 2014) (same).

Regardless of what patent claims Symbology may or may not assert in its infringement contentions, all the remaining claims are directed to the same abstract idea and Symbology has provided no analysis to the contrary.

B.     *Alice* Step One: **The asserted claims are directed to an abstract idea.**

The claims of the asserted patents are directed to an unpatentable, abstract idea because they claim nothing more than the "longstanding," "routine," and "conventional" concept of data recognition and retrieval. *See Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2356–59 (2014); *Bilski v. Kappos*, 561 U.S. 593, 611 (2010). Claim 1 of the '369 Patent does not include any specific limitations or steps regarding extracting data or decoding the data. Rather, all of the steps required to carry out the method are directed to the generic, conventional ideas of recognizing an image, decoding the image, and then doing something based upon the decoded information. *Cyberfone Sys., LLC v. CNN Interactive Grp., Inc.*, 558 F. App'x 988, 992 (Fed. Cir. 2014) (finding claims directed to "the well-known concept of categorical data storage, *i.e.*, the idea of collecting information in classified form, then separating and transmitting that information according to its classification, is an abstract idea that is not patent-eligible"). None of Symbology's arguments can overcome the abstract nature of its patents.

1.     **The prosecution history of the asserted patents does not change the § 101 analysis.**

Symbology provides a lengthy recitation of a routine office action in the prosecution history of the asserted patents and contends that this indicates the "inventive concept and subject matter patentability over the prior art is laid out." (*See* Opp., 2-4.) Symbology misstates the

4

findings of the office action, the issue of patentability over § 101, and the relevance of the prosecution history. As an initial matter, at no point in Symbology's recitation of the office action does the examiner address subject matter eligibility under § 101; rather, the examiner makes clear that her objection is based on prior art invalidity. (*See id.*) "Eligibility and novelty are separate inquiries." *Two Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1340 (Fed. Cir. 2017). Furthermore, even if the prosecution history addressed the § 101 issue (it did not), the Federal Circuit has made clear that the prosecution history has no bearing on the § 101 analysis. *See Elec. Commc'n Techs.,* 958 F.3d at 1183. ("These specific details relating to the procedure of prosecution before the USPTO . . . do not negate the fact that claim 11 is directed to longstanding business practices. Nor do [patentee's] purported diligence and good faith during patent prosecution before the USPTO in any way shield the patent's claims from Article III review for patent eligibility.") Thus, Symbology's reliance on the prosecution history does nothing to shelter the claims from ineligibility.

### 2.    Symbology's attempts to distinguish the asserted claims fails.

In *Secured Mail*, the Federal Circuit found claims directed to encoding and decoding a bar code invalid under both *Alice* steps. *Secured Mail*, 873 F.3d at 907. Similar to the claims at issue in this case, the *Secured Mail* claims "provide[d] a method whereby a barcode is generated, affixed to a mail object, and sent through the mail system [and t]hen, upon receipt, the barcode is scanned, and data corresponding to the sender is sent to the recipient over the network and displayed on the recipient's device." *Id.* at 910–11.  Instead of distinguishing the Federal Circuit holding in *Secured Mail* from the present case, Symbology focuses on *Intellectual Ventures II, LLC, v. FedEx Corp.*, a case from the Eastern District of Texas. (*See* Opp., 7-8.) Symbology's reliance on *Intellectual Ventures II* is misplaced.  *Intellectual Ventures II* addressed a claim that was "directed towards a technological solution to a technological problem" where the claim was directed to a process where

specialized information was packaged "into a specific multi-layer data structure." *Intell. Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-00980-JRG, 2018 WL 7823098, at *4 (E.D. Tex. May 10, 2018). The claim at issue provided for the "elimination of a previously necessary third party in 'transferring bar code data between business and consumers using different hardware and software applications.'" *Id.* The solution improved upon an "existing technological structure" which required "sophisticated software developed by third parties." *Id.*

That is not the case here. The asserted claims merely describe data recognition and retrieval, at a high level of generality, through "capturing a digital image," "detecting" a barcode, "decoding [the barcode] . . . to obtain a decode string," "sending the decode string to a remote server for processing," "receiving information . . . from the remote server," and "displaying the information." (*See* '369 Patent, Cl. 1.) The specification even admits that barcode scanning and decoding programs were prevalent at the time of the invention. ('369 Patent, 3:39-46.) Symbology does not and cannot show how the asserted patents are "directed towards a technological solution to a technological problem." Rather, Symbology's asserted patents are much more related to the "unremarkable proposition that using a bar code to 'communicate information about a mail object' is not patent eligible." *Intell. Ventures II,* 2018 WL 7823098, at *4.

Finally, Symbology does not even attempt to distinguish this case from the other cases that Defendants cited in their Motion. In *Content Extraction*, the Federal Circuit concluded that claims generally reciting "a method of 1) extracting data from hard copy documents using an automated digitizing unit such as a scanner, 2) recognizing specific information from the extracted data, and 3) storing that information in a memory" were abstract. *Content Extraction*, 776 F.3d at 1345-47. In *Recognicorp*, the Federal Circuit found that a claim for a "method whereby a user displays images on a first display, assigns image codes to the images through an interface using a

mathematical formula, and then reproduces the image based on the codes" was abstract and reflected standard encoding and decoding. *Recognicorp, LLC v. Nintendo Co., Ltd.*, 855 F.3d 1322, 1326 (Fed. Cir. 2017). Similar to *Content Extraction* and *Recognicorp*, Claim 1 of the '396 Patent does not include any specific limitations or steps regarding extracting or decoding data. The claims at issue in those cases are analogous to the claims in the asserted patents and the claims of the asserted patents are similarly abstract. Symbology does not provide any analysis or argument to traverse this assertion.

C.      *Alice* Step 2: **The asserted patents contain no inventive concept.**

Because the claims of the asserted patents are directed to an abstract idea, the Court must next determine whether they contain an "inventive concept sufficient to transform the claimed abstract idea into a patent eligible application." *Alice*, 134 S. Ct. at 2357 (internal quotations omitted). To pass this test, the claims "must include additional features" that "must be more than well-understood, routine, conventional activity." *Ultramercial*, 772 F.3d at 715 (quotation omitted). Here, the claims are broadly generic and do not contain meaningful limitations that would restrict it to a non-routine, specific application of the abstract idea.

There is simply nothing "inventive" about using a known process (*i.e.*, decoding a barcode) to access a website. *See Secured Mail*, 873 F.3d at 912. Moreover, the abstract functional descriptions in the claims are devoid of any technical explanation as to how to implement the purported invention in an inventive way. *See In re TLI Commc'ns LLC Patent Litig.*, 823 F.3d 607, 615 (Fed. Cir. 2016) (claims failed *Alice*'s step 2 where specification limited its discussion of "additional functionality" of conventional components "to abstract functional descriptions devoid of technical explanation as to how to implement the invention"). Symbology attempts to delay a ruling on § 101 by arguing there are factual disputes and a need for claim construction before the Court can issue such a ruling. As explained below, the issue of patent eligibility is ready for the

7

Court's consideration because there are no factual or claim construction issues regarding the § 101 analysis. Thus, the Court should reject Symbology's dilatory tactics.

> **1.     There are no factual disputes preventing a ruling at the Rule 12 stage.**

As explained in the Motion, there are no factual disputes preventing a § 101 ruling at the 12(b) stage. (*See* Mot., at 17-19.) Symbology contends that it would be improper for the Court to resolve Defendants' Motion because there is a "material factual dispute to the question of 'whether a claim element or combination of elements is well-understood, routine and conventional to a skilled artisan in the relevant field.'" (Opp., 1, 10-11.) Symbology fails, however, to identify any specific factual dispute that would change the § 101 analysis. Symbology must "**identify specific facts** that need development **and explain why those circumstances must be resolved** before the scope of the claims can be understood for § 101 purposes." *Trinity*, 72 F.4th at 1361 (emphasis added). Symbology does not (and cannot) articulate any factual disputes and instead provides only generic and conclusory statements. (*See* Opp., 1, 10-11.)

> **2.     There are no claim construction disputes preventing a ruling at the Rule 12 stage.**

As addressed in Defendants' Motion, there is no claim construction that would alter the nature of the claims and thus alter the § 101 analysis. (Mot., 17-19.) Symbology raises generic arguments regarding claim construction but does not provide any specificity regarding how any claim construction would change the ineligibility of the asserted patents.

Symbology contends that claim construction is required "with respect to at least the claim limitation 'one or more visual detection applications.'" (Opp., 9.) Other than proposing a construction for this term, Symbology generally states that the "Patentee added a limitation that requires visual detection systems by [sic] required to run in the background with respect to other systems associated with the mobile device" and that "[t]his is the proper construction of the term

'one or more visual detection applications.'" (*Id.*, 3.) Symbology misunderstands the law, and its contentions are not sufficient to show that claim construction is needed for the Court to render a judgment under § 101. Symbology "must propose a **specific claim construction** or identify specific facts that need development **and explain why those circumstances must be resolved** before the scope of the claims can be understood for § 101 purposes." *Trinity*, 72 F.4th at 1361 (emphasis added). Symbology has done neither. *See, e.g., Jedi Tech.*, No. 1:16-cv-1055-GMS, 2017 WL 3315279, at *6 (deciding § 101 eligibility without claim construction where plaintiff failed to offer any specific claim construction issues that would affect the analysis).

Furthermore, Symbology has not provided any reason why any claim construction would affect the § 101 analysis. As the Federal Circuit explained, "if the parties raise a claim construction dispute at the Rule 12[] stage, the district court must either adopt the non-moving party's constructions or resolve the dispute to whatever extent is needed to conduct the § 101 analysis." *MyMail, Ltd. v. ooVoo, LLC*, 934 F.3d 1373, 1379 (Fed. Cir. 2019). Even if the Court were to adopt Symbology's apparent proposed construction requiring the visual detection systems to run in the background with respect to other systems associated with the mobile device, this does not change that the asserted patents are still directed to the abstract idea of data recognition and retrieval. Furthermore, Symbology fails to provide any explanation as to why the alleged claim construction issue must be resolved before a ruling on § 101, as required by the case law. *See Trinity*, 72 F.4th at 1361; *see also Jedi Tech.*, No. 1:16-cv-1055-GMS, 2017 WL 3315279, at *6.  Simply stating that a claim term should be construed is insufficient for Symbology to meet its burden, and there is no claim construction that would affect the Court's § 101 analysis. Consequently, this motion is ripe, and all of Symbology's arguments to the contrary are incorrect.

## II.     CONCLUSION

Defendants respectfully request that the Court dismiss Symbology's Complaint for failure to state a claim upon which relief can be granted. Because amending its Complaint would be futile, Defendants request dismissal with prejudice.

Dated: April 2, 2024                     Respectfully submitted,

                                         */s/ Ricardo J. Bonilla*
                                         Neil J. McNabnay
                                         Texas Bar No.24002583
                                         Ricardo J. Bonilla
                                         Texas Bar No. 24082704
                                         Rodeen Talebi
                                         Texas Bar No. 24103958
                                         Sarika Patel
                                         Texas Bar No.24073520
                                         mcnabnay@fr.com
                                         rbonilla@fr.com
                                         talebi@fr.com
                                         patel@fr.com
                                         **FISH & RICHARDSON P.C.**
                                         1717 Main Street, Suite 5000
                                         Dallas, Texas 19001
                                         (214) 747-5070 (Telephone)
                                         (214) 747-2091 (Facsimile)

                                         **ATTORNEYS FOR DEFENDANTS
                                         AMERICAN AUTOMOBILE
                                         ASSOCIATION, INC. AND
                                         AAA TEXAS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy has been electronically filed using the CM/ECF filing system on April 2, 2024, which automatically sends email notifications to all counsel of record and which will permit viewing and downloading of same from the CM/ECF system.

                                         */s/ Ricardo J. Bonilla*
                                         Ricardo J. Bonilla